IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DANIEL ALEXANDER CADLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 320-016 |
| ) | |
| WARDEN VANCE LAUGHLIN; SCO ) | |
| MATTHEW BRILEY; and A/W ) | |
| HAMILTON, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.   SCREENING THE COMPLAINT**

   **A.   BACKGROUND**

Plaintiff names as Defendants: (1) Warden Vance Laughlin; (2); SCO Matthew Briley, and (3) A/W Hamilton. (Doc. no. 1, pp. 1, 4.) Plaintiff sues Defendants in their individual and official capacities. (Id.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On January 23, 2020, Defendant Briley moved inmate Kevin Joyce into Plaintiff's cell despite Warden Laughlin and Briley's knowledge of Joyce's violent history. (Id. at 5-6.) On January 27, 2020, at 12:10 a.m., inmate Joyce awakened Plaintiff by holding a sharpened weapon behind Plaintiff's left ear. (Id. at 5.) Inmate Joyce told Plaintiff "don't [expletive] move or make a sound or I will stab you." (Id.) Inmate Joyce raped Plaintiff and threatened to cut him at every opportunity in the future if Plaintiff told anyone of the rape. (Id.) On January 28, 2020, Plaintiff reported the rape to the Prison Rape Elimination Act ("PREA") hotline and an investigation ensued. (Id.) Defendant Briley took Plaintiff to the medical unit, where a nurse utilized a rape kit but could not obtain any DNA evidence. (Id.) On February 7, 2020, Defendant Hamilton and the PREA team informed Plaintiff of their conclusion that his rape allegation was unsubstantiated. (Id. at 5-6.) Plaintiff was previously assaulted in October 2019. (Id. at 6.) Despite these incidents and Plaintiff's homosexuality, Defendant Briley and other prison officials continue to place Plaintiff in dorms "with homophobic gangs and gang members" because Plaintiff's point score is too high, and he does not have a violent history. (Id.) Plaintiff requests monetary damages, a prison transfer, and termination of Defendant Briley's employment. (Id. at 7.)

    **B.    DISCUSSION**

        **1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams,

490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal

3

construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Supervisory Claim Against Warden Laughlin and Defendant Hamilton

Plaintiff's complaint fails to state a claim against Warden Laughlin and Defendant Hamilton because he is attempting to hold them liable merely in light of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold these Defendants liable, Plaintiff must demonstrate that either (1) they actually participated in the alleged constitutional violation, or (2) there is a causal connection between their actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff does not allege Warden Laughlin or Defendant Hamilton participated in the decision to place the alleged assailant into Plaintiff's cell, or subsequent decisions to place Plaintiff in dorms where

unspecified gang members are homophobic. Thus, Plaintiff fails to state any facts suggesting Defendants actually participated in the alleged constitutional violations.

Therefore, Plaintiff must allege a causal connection between either Defendant and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff fails to allege facts sufficient to support the necessary causal connection. Nothing in his complaint indicates Defendants were responsible for a policy or custom resulting in a violation of Plaintiff's rights, and Plaintiff does not allege any facts to show they either directed subordinates to act unlawfully or knew they would do so and failed to act in an appropriate manner. Therefore, Plaintiff fails to state a claim upon which relief can be granted

against Defendants Laughlin and Hamilton.

### 3. Plaintiff Fails to State a Claim Based on Deliberate Indifference to a Substantial Risk of Serious Harm Against Any Defendant

Plaintiff alleges Defendant Briley moved inmate Joyce into Plaintiff's cell room despite being aware of inmate Joyce's violent history, and Defendant Briley continues to place him in dorms "with homophobic gangs and gang members." (Doc. no. 1, pp. 5-6.) Plaintiff also appears to blame Warden Laughlin and Defendant Hamilton, alleging generally Warden Laughlin also knew about inmate Joyce's violent history, and Defendant Hamilton participated in the PREA investigation as part of a team that found Plaintiff's rape allegation to be unsubstantiated. (Id.) None of these allegations are sufficient to state a claim.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).[2] When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

As the Eleventh Circuit explained,

> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect an inmate from an attack does not justify § 1983

7

liability.  Brown, 894 F.2d at 1537.  Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk.  Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

Plaintiff does not allege Defendants knew inmate Joyce would rape Plaintiff or had any advance warning, such as a threat by inmate Joyce specifying Plaintiff as the intended victim.  Knowledge of inmate Joyce's violent history is not sufficient.  Cf. Carter v. Galloway, 352 F.3d 1346, 1349-50 (11th Cir. 2003) (*per curiam*) (requiring "much more than mere awareness" of an inmate's generally problematic nature to impose liability for failing to protect against attack).  Also insufficient is the allegation Defendants are generally aware of Plaintiff's homosexuality yet continue to place him in dorms where unspecified gang members are allegedly homophobic.  Because these allegations do not establish a substantial risk of serious harm, or conscious disregard of any such harm, Plaintiff fails to state an Eighth Amendment claim against Defendants.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and

this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of June, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA